FILED
AUG 05 2016
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

1 of 13

United States District Court
for the
Southern District of Illinois

Marc R. Tibbetts,
Plaintiff, Appellant,

v.   Civil Action No. 16-883-DRH-SCW

United States of America,
Defendant, Appellee.

## Appellant's Brief & Conclusion

Now comes the Plaintiff in the above cited case ("tort claim") which I filed through, and within, the system set forth by the Veteren's Affairs. The Plaintiff prays the court will use its discretionary authority to take into consideration the informality of this claim, taking into account the Plaintiff is not with any legal background and has tried to comply with all legal steps to file; the plaintiff would like to note that he is aware of how important and valuable the courts time is and considers it a privilege to address the court and its distinguished and Honorable representatives.

It is my firm conviction this

case is not frivolous; that the claim has and is with merit & without malice.

As a patriot, and concern for my fellow veterans, I feel compelled with a sense of duty to help in the preventing of these injustices and unacceptable practices from occurring in the future. Furthermore, this claim was filed long before the deplorable situation which manifested itself out west regarding the Veteran Affairs failure to follow its own procedures in treating our veterans. In this case the conflict began in May of 2012, with Dr. Richard J. George, M.D., Chief of the Pain Management Clinic, and with Dr. Kirum Amad, D.O., in February of 2013; both of whom practice medicine at the Marion V.A. Hospital in Marion, Illinois.

The Chronological order of events, allegations and negligence are listed and enumerated within Addendum I of the Table of Contents; they are found in a letter addressed to the Office of the General Counsel, Washington, D.C., (pp. 1-11) Addendum I

Extensive notes written by Dr. Richard George, never addresses how to treat

the plaintiff's severe and chronic pain issues; neither does he address the extreme danger or the excruciating pain of withdrawals when abruptly discontinuing a long term and high doseage of morphine; all the while this veteran was also dealing extreme pain daily and Post Traumatic Stress Disorder. This lack of concern or compassion is inexcuseable. After extensive inquiries of V.A medical staff and administrative personell, it became quite evident that discontinuing high doseages of morphine was not only dangerous, but also cruel and unnecessary; patients should be weaned over a reasonable amount of time. The letters from family, friends and loved ones who witnessed what happened to me are found in Addendum XIII. (pp 1-7). These physicians were unconcerned about their Hypocratic Oath and to "cause no harm". All of Dr. Richard George's extensive notes are written in an attempt to justify in refusing the plaintiff's treatment and his refusal my numerous request to be retested, Addendum XI, pp (1-37).

The expected medical procedures for collecting, testing, reading and retesting are outlined in Addendum III, (pp 1 & 2). The clinical notes entered by Dr. Randall Lee Oliver, M.D., contradict the way Dr. Richard George handled the situation. Dr. George's refusal to retest does not follow acceptable proper procedures, or V.A. protocol. Neither does it follow the procedures listed by the manufacturers of "urinary drug screenings" (UDS) which states the procedures which should be followed especially if test renders a positive THC cannibus result. The manufacturers also state that the tests are "subjective," and can show false positives when involving the results for THC; the test should have been re-tested, and the urine sample should be sent to the outside laboratory for confirmation; or, have blood drawn for accuracy which is unquestionable. Addendum XIV (pp 1).

The letter from Paul Bockelman, Medical Director for the Marion, Ill. Hospital states the mission of the hospital with regard as to the treatment and handling of veterans who suffer with severe—

chronic pain should be noted. Addendum VI, (pp.3).

Allegations and Facts of the Claim can also be found in the Claimants testing and retesting are outlined in Addendum III, (pp. 1 & 2), and also in the Claimants letters to Congressman John Shimkus and Congressman Enyart. Addendum V, (pp. 1-15). The plaintiffs extensive medical condition is evident by the diagnoses, and can be found in the Radiologic Reports; these conditions are confirmed by MRI's, CAT SCANS and show the conditions are worse than in the x-ray reports dated 2012. The diagnosis and Conditions have only worsened over time; degenerative arthritis, spinal stenosis, cervical nerve impingement and vertebral spurring. All of which cause severe and chronic pain which I suffer from on a daily basis. Addendum XII, (pp 1-13).

The plaintiff's deteriorating medical condition and a life threatening disorder (pulmonary fibrosis), has made this endeavor much more difficult, and has been exhausting and stressful.

Not to mention the lack of a legal background, the receiving of no legal assistance, and the lack of resources and poor health. However, as a patriot with concern for other veterans I feel compelled, with a sense of duty toward other veterans, to persue this cause to assure these injustices and unacceptable practices will not occur in the future. I initially filed a formal complaint and "tort claim" with the V.A. long before the deplorable situation out west manifest itself regarding the failure of the V.A. to follow procedures and by-laws in its treatment of our veterans.

    I consider it a privilege and honor to address the distinguished court and it Honorable Judges and judicial representatives. In all humility and and humbly asks the court in its infinite wisdom allow the claim to move forward and to be heard. The plaintiff prays the court find the claim to have merit.

    On a biographical note. The plaintiff would like to tell the court the following: I am a 100% permanent and totally disabled combat veteran of the Vietnam War and

sustained serious injury to my person while flying hazardous aerial combat missions, as a combat crew member and as the senior and chief medic aboard a U.S.A.F. helicopter; while fly air rescue and recovery as well as reconaissance over the south east Asia seas and the jungles of South Vietnam; also the medic aboard the Medical Capitulation Missions helicopter into surrounding countries. For my service I was awarded the Air Medal with 1st Oak Leaf Cluster accompanied by a letter discribeing those missions and was signed by Executive Order of The President of the United States; was awarded "permanent combat wings" with plaque for flying "50" combat missions; received Air Force Outstanding Unit award with "V" device for valor; Good Conduct Medal; Marksmanship; Viet Nam Service Medal; Viet Nam Campaign Medal, U.S. Service National Defense Medal and the Cross of Galantry. I recieved Honorable Discharges for active duty and active reserve duty for six years of service.

The plaintiff pleads the corect

find that the Claim should be heard and use its discretion when considering the informality in the submitting of said claim.

*Marc R. Tibbetts*
MARC R. TIBBETTS
Signature of Plaintiff

Date: August 5, 2016


Pag. 1 of 4

## Conclusion and Remedies

In conclusion, the plaintiffs contention and charge is that Dr Richard George, Dr. Kerim Anwar were negligent and committed malpractice by their refusal to follow set standards for drug screening; they had a complete lack of empathy, compassion or willingness to work with this veteran and cause him (3rd Tenon) "no harm". At no point did they, or show a willingness to, give any benefit of the doubt to the veteran — this is in direct conflict with the V.A.'s mission statement and the striving for excellence; and by refussing the re-test and abruptly discontinuing my pain medication, they put this veteran at risk and caused extreme mental, physical and physiological anguish, distress, and an unbelieveable amount of pain and suffering — it was unnecessary, unconscienable, deleberate and cruel.

The difficulty to have re-tested and afforded the "benefit of the doubt" as to my varacity would have been of

P. 2 of 4

little cost and would have either substantiated or refuted the results. After speaking with many pain clinic patients and many V.A. hospital personell regarding Dr. Richard George it became evident that he is systematic in his efforts to remove veterans from fee base and refuse veterans from recieving outside medical attention, not offered at the Marion V.A. facility; and that the long extensive notations are to remove pain management patients from their medications as well. Therefore is is my charge that they should be held accountable for mal-practice, and knowingly breaking of their "sacred oath".

    The harm this has caused my family and I is inseperable and unacceptable; it should not stand. I believe I and all veterans deserve better and should not be treated with such contempt and lack of consideration. If the physicians were so certain of the U.A.S. (urinary drug screening), than why not run a twelve dollar retest to confirm the results.

P. 3 of 4

It would have allowed the plaintiff the opportunity to be vendicated, and not have this blemmish on my record. After all I have been in complete compliance with the opioid agreement; the exceptions listed in Dr. George's notes do not reflect the plaintiff's impecable record of twenty years of compliance. The incidents Dr. George used to refuticate that record are skewed at best; the use of herbal butter was cleared by Dr. Carrammongan, MD. in 2006, with no mention of sanctions or punitive action, whatsoever; as for the extension of time for signing of a new opiod agreement, I was cleared for those few days due to family emergency and is in the privacy notes of Patient Representatives Deborah Walker and Mark Spens, I am in the process of obtaining and presenting those notes.

When considering the whole of these events regarding the V.A. Marion Hospital and the two aforementioned physicians, the plaintiff confidently can show negligence and malpractice; and the V.A. and physicians should be sanctioned and held accountable

Page 4 of 4

to ensure no other veteran will be treated this way ever again in the future.

*Marc R. Tibbetts*
MARC R. TIBBETTS
Signature of Plaintiff

Date: 8-5-16

# UNITED STATES DISTRICT COURT
for the
Southern District of Illinois

Marc Tibbetts )
Plaintiff(s) )
v. ) Case Number: 16-883-DRH-SCW
United States of America )
Defendant(s) )

## CERTIFICATE OF SERVICE

I hereby certify that on Aug 5, 2016 I ~~electronically filed~~ hand delivered & filed Plaintiff's Brief with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following: United States of America @ Clerk Office Benton, Ill. 62812

and I hereby certify that on [date], I mailed by United States Postal Service, the document(s) to the following non-registered participants:

MARC TIBBETTS 8-5-16

Respectfully submitted,

_____
Name of Password Registrant

_____
Address

_____
City, State, Zip

Phone: (___) ___-_____

Fax:(___) ___-_____

E-mail: _____@_____

_____
Attorney bar number (if applicable)