IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARC R. TIBBETTS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action Number 16-cv-883-DRH-SCW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**THE UNITED STATES OF AMERICA'S
MOTION TO DISMISS THE PLAINTIFF'S MEDICAL MALPRACTICE CLAIM**

Defendant, the United States of America, by and through its attorneys, Donald S. Boyce, United States Attorney for the Southern District of Illinois, and Nathan E. Wyatt, Assistant United States Attorney, hereby move to dismiss the Plaintiff's Complaint.

**I.   JURISDICTION AND VENUE**

This Court has subject matter jurisdiction over Plaintiff's tort claim against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA").  The Southern District of Illinois is a proper venue for this case, as Plaintiff's allegations in his Complaint concern events that occurred in this District.  See 28 U.S.C. § 1402 (providing an FTCA action may be brought in the judicial district "wherein the act or omission complained of occurred").

**II.   BACKGROUND**

On August 5, 2016, Plaintiff Marc R. Tibbets filed a *pro se* Complaint against the United States of America.  Plaintiff essentially alleges that beginning in May of 2012 a Veterans Administration physician, Dr. Richard George, Chief of the Pain Management Clinic at the VA Medical Clinic in Marion, Illinois improperly and in deviation of the applicable medical standard of care "abruptly" discontinued "a long term and high dosage of morphine," which Plaintiff had

been receiving as treatment for chronic pain. Plaintiff alleges his chronic pain is caused by degenerative arthritis, spinal stenosis, cervical nerve impingement and vertebral spurring.

### III. STANDARD OF REVIEW

A motion filed pursuant to Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. In ruling on a motion to dismiss, the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from those facts in the plaintiff's favor. *Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *Tricontinental Indus., Inc., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir.) *cert. denied*, 552 U.S. 824 (2007). Nevertheless, the Court is not required to "ignore any facts set forth in the complaint that undermine the plaintiff's claim." *LeBlang Motors v. Subaru of Am., Inc.*, 148 F.3d 680, 690 (7th Cir. 1998) (quotations omitted).

### IV. ARGUMENT

Plaintiff's medical malpractice claim, brought pursuant to the FTCA should be dismissed for failure to comply with 735 ILCS 5/2-622. Section 2-622 provides, in part, "[i]n any action, whether in tort, contract, or otherwise, in which plaintiff seeks damages for injuries or death by reason of medical malpractice, hospital, or other healing art malpractice, the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit" from a medical professional indicating that the case has merit. A written report by the certifying medical professional must be attached to the affidavit and must comply with Section 2-622(a). Failure to file an affidavit pursuant to Section 2-622 is cause for dismissal. See 735 ILCS 5/2-622(g).

FTCA claims are governed by the substantive law of the state in which the alleged tort occurred, in this case Illinois. *See* 28 U.S.C. §§ 1346(b), 2674; *see also Murrey v. United States*, 73 F.3d 1448, 1453 (7th Cir. 1996). The prevailing rule in this Court is that the Section 2-622

certificate of merit requirement is a substantive rule of Illinois law that applies to claims brought in federal court. *See Dickerson v. United States of America*, Case No. 15-CV-865-NJR-DGW, 2016 WL 866744, at *1 (S.D. Ill. Mar. 7, 2016); *Pyles v. Fahim*, No. 11-cv-378-MJR (S.D. Ill. March 26, 2013) (dismissing state inmate's medical malpractice claim due to the inmate's failure to attach a 2-622 certificate of merit to his complaint); *Shank v. United States*, No. 08-CV-214-JPG-PMF, 2008 WL 4671735 (S.D. Ill. Oct. 21, 2008) (dismissing FTCA survival and wrongful death action without prejudice to allow plaintiff to refile with the Section 2-622 certificate); *Chapman v. Chandra*, No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007) (dismissing inmate's malpractice claim due to failure to attach 2-622 certificate of merit to the complaint). The Court's approach has been based on the Seventh Circuit's implicit approval of the Section 2-622 requirement in a diversity jurisdiction case, *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000).

In this case brought pursuant to the FTCA, Plaintiff alleges medical providers at the VA discontinued his morphine treatment and in so doing were "negligent" and "committed malpractice." *See* Doc. 1, p. 9. To prove this case, Plaintiff must establish the medical standard of care, that it was breached, and that the breach proximately caused an injury. Thus, Plaintiff's claim falls within the scope of Section 2-622. *See Jackson v. Chicago Classic Janitorial and Cleaning Service, Inc.*, 823 N.E.2d 1055, 1058-59 (Ill. App. 1st Dist. 2005) (stating the term "medical, hospital or other healing art malpractice' in Section 2-622 "must be construed broadly"). Because Plaintiff has not filed the required affidavit of merit and written report, his claim should be dismissed. *See Sherrod v. Lingle*, 223 F.3d 605, 613-614 (7th Cir. 2000).

The Court has discretion to dismiss with or without leave to amend the Complaint. *See id.* at 613. A plaintiff, however, must be afforded an opportunity to amend his complaint to comply

with Section 2-622 before the complaint may be dismissed with prejudice. *See id.* at 614; *Chapman v. Chandra*, Case No. 06-CV-0651, 2007 WL 1655799, at *4-5 (S.D. Ill. 2007).

## V. CONCLUSION

For the reasons stated above, Plaintiff's Complaint should be dismissed without prejudice, or alternatively, Plaintiff should be given a definite period of time to amend his Complaint to include a certificate under penalty of a dismissal with prejudice.

Respectfully submitted,

DONALD S. BOYCE
United States Attorney
Southern District of Illinois

*/s/ Nathan E. Wyatt*
NATHAN E. WYATT
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208-1344
(618) 628-3700
(618) 622-3810 (fax)